IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | | |
|---|---|---|
| **CHELSEA OWENS &** | ) | |
| **CYNTHIA BOATWRIGHT** | ) | |
| | ) | |
| **Plaintiff,** | ) | **JURY DEMAND** |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| **EPHANT GROUP - HOTEL** | ) | |
| **MANAGEMENT, LLC.** | ) | |
| **&** | ) | |
| **RAMADA WORLDWIDE, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

# COMPLAINT

Plaintiffs Chelsea Owens ("Plaintiff Owens") and Cynthia Boatwright ("Plaintiff Boatwright") bring this lawsuit for employment discrimination, hostile work environment, and the constructive discharge against Ephant Group – Hotel Management, LLC. ("Defendant Ephant") and Ramada Worldwide, Inc. ("Defendant Ramada") (Ephant and Ramada are collectively referred to as "Defendants"). For their Complaint, Plaintiffs make these factual allegations.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Owens is a former employee of LeConte Lodge. She is a citizen and resident of Cocke County, Tennessee.

2. Plaintiff Boatwright is a former employee of LeConte Lodge. She is a citizen and resident of Cocke County, Tennessee.

3. Ephant Group is a hotel development and property management group with its principal place of business in Knox County, TN. Ephant Group may be served through its registered agent,

Hardikkumar Patel, at 5335 Central Ave. Pike Knoxville, TN 37912.

4. Ramada Worldwide, Inc., is a global hospitality and hotel chain. Upon belief Ramada maintains its nerve center of activity in New Jersey and conducts business in Gatlinburg, TN. Ramada may be served through its registered agent, Corporate Creations Network, Inc., at 205 Powell Place Brentwood, TN.

5. This Court has jurisdiction under 28 U.S.C. § 1331 and § 1332. Venue is proper under 28 U.S.C. §1391. All facts giving rise to this case happened within the jurisdiction of this Court.

6. This is an action for all available economic damages, compensatory damages, declaratory relief, equitable relief, and injunctive relief under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981("Section 1981"). Plaintiff Owens and Plaintiff Boatwright have both received their Notice of Suit Rights from the EEOC and file this lawsuit timely.

## FACTS

7. Plaintiff Boatwright is a Caucasian (White) woman who began working for Defendants in or about May 2021. Plaintiff Boatwright is the biological mother of Plaintiff Owens.

8. Plaintiff Owens is a Caucasian (White) woman who began working for Defendants in or about March 2022. Plaintiff Owens is the biological daughter of Plaintiff Boatwright.

9. Hardikkumar Patel is a male of Indian Descent and the Founder/ Chief Executive Officer of Ephant Group.

10. Danielle Reva is an African American (Black) woman and the Chief Operating Officer of Ephant Group.

11. Ephant Group maintains a business and management affiliation with Ramada, whereby both entities maintain a say in the hiring, pay, supervision, and control over the daily activities of Ephant Group direct employees. Ephant Group operates under the policies, procedures, and

corporate protocols of Ramada. For purposes of Plaintiffs employments, Ephant Group and Ramada are joint employers.

12. In or about February 2022, Ephant Group began operation of the LeConte View Motor Lodge – a Ramada by Wyndham – located at 929 Parkway Gatlinburg, TN 37738 ("LeConte Lodge").

13. Plaintiff Owens and Plaintiff Boatwright worked at the LeConte View Motor Lodge, a Ramada by Wyndham.

14. Plaintiff Owens worked for Defendants as a Front Desk Clerk.

15. Plaintiff Boatwright worked for Defendants as the General Manager. Boatwright was responsible for management, supervision, and human resources functions related to the LeConte Lodge employees.

16. Mr. Patel approached Plaintiff Boatwright and introduced her to Collin Fullerton in or about May 2022. Mr. Fullerton is a black male of Jamaican descent. Mr. Patel directed Plaintiff Boatwright to hire Mr. Fullerton as a Front Desk Clerk. Mr. Patel demanded that Boatwright provide all Mr. Fullerton's completed "new hire" paperwork Mr. Patel directly. Plaintiff Boatwright followed all directives of Mr. Patel related to the onboarding of Mr. Fullerton.

17. Mr. Fullerton was placed on the schedule and began working at the LeConte Lodge on or about June 19 2022.

18. Plaintiff Boatwright began receiving complaints from several women within the workplace (including Plaintiff Owens) within the first week of Mr. Fullerton starting as an employee.

19. Female employees alleged that Mr. Fullerton would inappropriately touch their body or speak to them in sexually suggestive ways regarding their physical appearance. For example, Brittany Tolliver and Plaintiff Owens both reported that Mr. Fullerton attempted to grab their butt and/ or waist area to pull their bodies close towards his pelvic area.

20. Plaintiff Boatwright immediately alerted Mr. Patel of the allegations against Mr. Fullerton after receiving these complaints. Plaintiff Boatwright expressed her desire to remove Fullerton from the employee schedule pending an investigation to Mr. Patel.

21. In response, Mr. Patel became antagonistic towards Plaintiff Boatwright and instructed her that 1) he would speak directly to Mr. Fullerton regarding these allegations, 2) no investigation would be performed by Plaintiff Boatwright, 3) no adverse action against Mr. Fullerton would occur, and 3) to continue placing Mr. Fullerton on the schedule.

22. Defendants failed to take effective corrective action, conduct a thorough investigation, or make any documentation related to the allegations and complaints against Mr. Fullerton. Defendants swept the complaints of sexual harassment under the rug and did not inform Plaintiff Boatwright or Plaintiff Owens that any preventive or corrective actions were taken related to the complaints against Mr. Fullerton.

23. As a result, Mr. Fullerton continued to engage is unwelcomed and inappropriate sexual conduct towards Plaintiff Owens, Plaintiff Boatwright, and other women within the workplace.

24. Plaintiff Boatwright contacted Ms. Reva and discussed the allegations concerning Mr. Fullerton from the female employees. Boatwright expressed that she received no follow-up information from agents of Defendants about the sexual harassment/assault complaints against Mr. Fullerton. Boatwright expressed that she has continued to receive complaints of unwelcomed advances by Mr. Fullerton from female employees within the workplace – in addition to her own issues regarding Mr. Fullerton's actions towards Boatwright.

25. In response, Ms. Reva alerted Plaintiff Boatwright that she was aware of the sexual harassment allegations against Mr. Fullerton.

26. Ms. Reva stated that "Collin is just Jamaican, and that's how he acts." Ms. Reva stated that Mr.

Fullerton's "culture was different than ours, and we need to excuse him sometimes." Ms. Reva refused to discuss the matter further, until after she communicated with Mr. Patel.

27. Approximately a week after this discussion with Ms. Reva, Plaintiff Boatwright received a call from Mr. Patel requesting if "Collin was going to work out?"

28. Plaintiff Boatwright vehemently opposed keeping Mr. Fullerton on the schedule. Boatwright informed Mr. Patel of the continued sexual harassment allegations against Mr. Fullerton from women within the workplace. Mr. Patel dismissed these allegations as mere exaggerations and facetiously stated, "I'm sure it [Mr. Fullerton's behavior] isn't that bad."

29. Defendants again failed to take effective corrective action, conduct a thorough investigation, or make any documentation related to the allegations against Mr. Fullerton provided by Plaintiff Boatwright and other women within the workplace.

30. On or about July 10, 2023, Plaintiff Owens began being followed by Mr. Fullerton as she made her "rounds" for laundry at the LeConte Lodge. Due to the size of the hotel, Plaintiff Owens and other employees would oftentimes drive a golf cart around the property as needed. In an attempt to escape Mr. Fullerton, Plaintiff Owens boarded the golf cart to try and remove herself from Mr. Fullerton's presence. Mr. Fullerton proceeded to climb into the golf cart and travel with Plaintiff Owens across the property. While Plaintiff Owens is driving, Mr. Fullerton placed his hands on Plaintiff Owens' thighs and groped her vaginal area.

31. Plaintiff Owens immediately stopped the golf cart and rushed to speak with Plaintiff Boatwright about Mr. Fullerton's sexual assault.

32. After Plaintiff Owens recounted what occurred on the golf cart with Mr. Fullerton, Plaintiff Boatwright directed Plaintiff Owens to reach out to the local Police. As a result, Plaintiff Boatwright and Plaintiff Owens both felt their physical and mental safety was being left in danger

due to Defendants inaction. Plaintiff Boatwright refused to allow Mr. Fullerton to harm her daughter or herself any longer and directed Plaintiff Owens to leave the property with her.

33. On or about July 10, 2022 Defendants constructively discharged Plaintiff Boatwright and Plaintiff Owens.

34. Plaintiff Boatwright and Plaintiff Owens suffered intolerable work conditions, sexual harassment/ assault, intimidation, and hostility. Defendants failure to exercise effective or reasonable care to provide Plaintiffs a workplace free from harassment, intimidation, and other harms resulted in harm to Plaintiffs and caused their employment to end.

35. Defendants treated Plaintiffs different in the terms, conditions, and privileges and benefits of employment than it treated other similarly situated male employees, and the adverse treatment suffered by Plaintiff Boatwright and Plaintiff Owens was based on their sex and race.

36. As a result of the conduct described herein, Plaintiffs have lost income and other privileges and benefits of employment; suffered embarrassment, humiliation, damage to their reputation, emotional distress, undue stress and anxiety, loss of enjoyment of life; and incurred attorneys' fees and expenses.

37. Defendants acted willfully and maliciously or with reckless indifference to Plaintiffs' protected rights.

## CAUSES OF ACTION

*Discrimination and Sexual Harassment in Violation of Title VII and Section 1981*

38. Plaintiffs incorporate by reference all preceding Paragraphs as if fully set forth in full herein.

39. The Plaintiffs were discriminated against and harassed because of their race and sex in violation of Title VII and Section 1981.

40. The Plaintiffs were subjected to harassment on account of their race and sex, and such harassment created a hostile work environment.

41. The harassment was at the hands of Defendants' agent and was un-welcomed based on sex and was severe and pervasive so that it affected the terms and conditions of the Plaintiffs employment and Defendants are liable for such harassment.

42. Defendants did not appropriately handle the complaints of sexual harassment from the Plaintiffs.

43. Defendants acted with malice and/or reckless indifference toward Plaintiff Boatwright and Plaintiff Owens and treated Plaintiffs and other Caucasian women in the workplace less favorably than Mr. Fullerton, a black male, and other similarly situated employees of a different racial identification.

44. Defendants conduct harmed and caused damage to Plaintiff Boatwright and Plaintiff Owens.

45. Based upon the conduct described in this Complaint, Defendants are liable for unlawful race discrimination, gender discrimination and sexual harassment in violation of Title VII and Section 1981.

## **RELIEF REQUESTED**

Plaintiffs respectfully request:

46. That process issue and be served upon Defendants, and that it be directed to answer this Complaint within the time period prescribed by the law;

47. That this case be set for trial and that a jury be empaneled to hear and decide the merits and damages;

48. Monetary award of damages for back pay, front pay, and all other available economic relief under Title VII.

49. That Plaintiffs be awarded judgment and compensatory damages, including but not limited to back pay, front pay, and damages for embarrassment, humiliation, mental anguish and stress, and outrage;

50. That Plaintiffs be awarded punitive damages in an amount of $1,000.000.00.

51. That Plaintiffs be awarded attorneys' fees and expenses;

52. That Plaintiffs be awarded pre-judgment interest;

53. That all costs be taxed against Defendants; and

54. That Plaintiffs be awarded such other and further legal or equitable relief to which they may be entitled.

Respectfully Submitted,

/s/ Brian C. Winfrey, Esq.
Brian C. Winfrey, TN Bar: 02576
THE WINFREY FIRM
613 Woodland St
Nashville, TN 37206
brian@thewinfreyfirm.com